**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-06-CR-209 LY** |
| | § | |
| **MOSES CAMPOS II** | § | |
| | | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-10-CR-235 LY** |
| | § | |
| **MOSES CAMPOS II** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to

28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges. The Court conducted a hearing on September 1, 2011,

and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition

seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On March 16, 2007, in Cause No. A-06-CR-209 LY, Judge Lee Yeakel sentenced the

Defendant to 40 months of imprisonment, followed by three years of supervised release, for being

a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In the last phase of serving

the imprisonment portion of this sentence, the Defendant was placed in the McCabe Residential Re-

entry Center on October 1, 2009. On March 3, 2010, the Defendant signed out of the facility to

attend a class at ACC, and never returned. He was subsequently arrested on March 10, 2010, when he was found at 4:45 a.m. passed out in his vehicle, which had substantial front end damage. The Defendant was charged in Cause No. A-10-CR-235 LY with escape, in violation of 18 U.S.C. § 751(a), and pled guilty to that offense on April 22, 2010. On July 2, 2010, Judge Yeakel sentenced him to 15 months of imprisonment (consecutive to the previous sentence), followed by three years of supervised release. On June 1, 2011, the Defendant was released from the B.O.P. and commenced serving the terms of supervised release imposed in each of these cases. The Defendant began having problems with his supervision almost immediately. In short, he absconded from supervision in less than a month, and as a result, on July 5, 2011, the undersigned ordered the issuance of warrants in each case. The Defendant was arrested on those warrants on August 29, 2011.

On September 1, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him. At his hearing, the Defendant stated that the cause of his violations was his relapse into his crack addiction, and he took responsibility for his actions.

## II. FINDINGS OF THE COURT

1.    The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.    The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.     The Defendant received a copy of the Petition naming him, and he read it.

4.     The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.     The Defendant waived his preliminary hearing.

6.     The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.     The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.     The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9.     The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.    The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11.    The Defendant violated conditions of his supervised release by: (1) failing to report as directed in the month of July 2011; and (2) failing to notify the probation office of his change in employment and residence.

## III.     RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED on both cases.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is V, resulting in an (advisory) guideline range of 7 to 13 months of imprisonment.  The Court has

considered all of the above, and RECOMMENDS that, on each of the two cases, the Defendant be sentenced to 7 months of imprisonment, followed by 24 months of supervised release, with those sentences to run concurrently to one another.

The Court warns the Defendant that this recommendation in effect gives him a second chance to succeed on supervision. If he is unsuccessful upon his release and reappears before the Court, the undersigned will have no choice but to enforce its orders with more serious sanctions.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of September, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE