IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-06-CR-209(1) LY |
| | § | |
| MOSES CAMPOS II | § | |
| | | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-235 LY |
| | § | |
| MOSES CAMPOS II | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on June 15, 2012, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On March 16, 2007, Judge Yeakel sentenced the Defendant to 40 months of imprisonment, followed by three years of supervised release, for possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). On July 2, 2010, the Defendant was sentenced by Judge Yeakel to 15 months of imprisonment and three years of supervised release, for escape, in violation of 18 U.S.C. § 751(a). The Defendant commenced his supervision on these two sentences on June 1,

2011. He had problems immediately, and ultimately his term of supervised release was revoked on September 7, 2011, and he was sentenced to seven months of imprisonment, and 24 months of supervised release. The Defendant completed that sentence and began serving his new term of supervision in late March 2012. Once again, it was not long before the Defendant encountered problems. First, on April 12, 2012, the Defendant tested positive for the use of cocaine, and admitted to having used both cocaine and marijuana. No action was taken at that time, and the Defendant was referred to substance abuse treatment. Then, on May 20, 2012, the Defendant was arrested for unlawful use of a motor vehicle. On June 8, 2012, the Defendant was convicted of that offense in the 167th District Court of Travis County, Texas, and sentenced to 30 days of imprisonment.

On June 4, 2012, based on the above, the Probation Office submitted its petition alleging that the Defendant violated his conditions by having used drugs, and committed a new state law offense. The undersigned authorized the issuance of a warrant that day. The Defendant was arrested on that warrant on June 11, 2012, when he was released from state custody. On June 15, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition.

## II.  FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by using a controlled substance, and by committing a new state law offense.

### III.   RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a V in A-06-CR-209, and a VI in A-10-CR-235, resulting in an (advisory) guideline range of 18 to 24 months of imprisonment in the first case, and 21 to 24 months in the second. Having considered all

of the above, the undersigned RECOMMENDS that in each case the Defendant be sentenced to 18 months of imprisonment, with no supervised release to follow, the sentences in each case to run concurrent to one another. It is FURTHER RECOMMENDED that the district judge include in his judgment a recommendation that the Defendant be designated to serve his sentence as close to Austin, Texas as possible, and that he be permitted to enroll in the 500 hour substance abuse treatment program offered by the Bureau of Prisons.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE